**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

IN RE PORK ANTITRUST LITIGATION

Civil No. 18-1776 (JRT/JFD)


IN RE CATTLE AND BEEF ANTITRUST LITIGATION

Civil No. 22-3031 (JRT/JFD)


This Document Relates To:

Sysco Corp. v. Agri Stats, Inc. et al., Civil No. 21-1374; and Sysco Corp. v. Cargill Inc. et al., Civil No. 22-1750

**ORDER GRANTING REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

---

On March 25, 2025, the Court issued an Order in both the above-captioned cases granting motions by Defendants JBS USA Food Company, JBS Packerland, Inc., Swift Beef Company, and JBS S.A. (collectively "JBS") to enforce a settlement with Plaintiff Sysco Corporation ("Sysco") and to dismiss Sysco's claims against JBS. (Mem Op. & Order Adopting R&R; Civil No. 18-1776, Docket No. 2925; Civil No. 22-3031, Docket No. 1222; March 25, 2025.) On March 20, 2026, in view of a recent Seventh Circuit decision,[1] JBS, Sysco, and Carina Ventures LLC[2] filed a letter in both of the above-captioned cases

---

[1] *In re Broiler Chicken Antitrust Litig.*, 167 F.4th 430 (7th Cir. 2026).

[2] Sysco assigned its claims to Carina Ventures LLC as a result of a settlement between Sysco and its litigation funder, Burford Capital Limited. *See id.* at 436–37.

requesting leave to file a motion for reconsideration of the March 25, 2025 Order under Local Rule 7.1(j).  (Civil No. 18-1776, Docket No. 3330; Civil No. 22-3031, Docket No. 1548.)

Under the Local Rules, after demonstrating compelling circumstances, a party may file a motion to reconsider with the permission of the Court.  D. Minn. LR 7.1(j).  Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."  *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quotation and citation omitted).  A motion to reconsider should not be employed to relitigate old issues, but to "afford an opportunity for relief in extraordinary circumstances."  *Dale & Selby Superette & Deli v. United States Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993); *see also Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

The Court will grant the request to file a motion for reconsideration.  The Court based its prior decision on issue preclusion and Minnesota contract law.  The decision in *Broiler Chicken* having been reversed, issue preclusion is no longer applicable.  The Court will, therefore, grant the request to allow the parties to brief whether, under Minnesota law, as a matter of law, JBS and Sysco entered into an enforceable agreement.[3]

In their briefing, the parties should also define the specific relief requested if the Court should decide to vacate its prior Order.

---

[3] The Seventh Circuit, applying Illinois law, concluded that, because JBS and Sysco agreed "in principle on the most important terms but not all material terms," the settlement agreement was not enforceable.  *In re Broiler Chicken*, 167 F.4th at 444.

-2-

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants JBS USA Food Company, JBS Packerland, Inc., Swift Beef Company, and JBS S.A. (collectively "JBS"), Plaintiff Sysco Corporation ("Sysco"), and Carina Venture LLC's Request for Leave to File a Motion for Reconsideration (Civil No. 18-1776, Docket No. [3330]; Civil No. 22-3031, Docket No. [1548]) is **GRANTED**;

2. The parties shall file a motion for reconsideration and a memorandum in support no later April 21, 2026, addressing whether, under Minnesota law, as a matter of law, JBS and Sysco entered into an enforceable agreement;

3. If any party wishes to file a memorandum in opposition to that motion, such party shall notify the Court no later than April 22, 2026, and shall file such memorandum no later than May 5, 2026;

4. The parties shall follow the page limits and/or word count requirements and filing procedures in accordance with the Local Rules.

DATED: April 6, 2026
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge